DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P.O. BOX 50013
SAN JOSE, CA 95150-0013

TELEPHONE: (408) 354-4413
FACSIMILE: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| IN RE:<br><br>**VIKTORIA THAO LE,**<br><br><br><br><br>**Debtor.** | CHAPTER 13 CASE NO. 16-50042 MEH<br><br>MOTION BY TRUSTEE TO MODIFY CONFIRMED CHAPTER 13 PLAN<br><br>Date: None set<br>Time: None set<br>Judge: Hon. M. Elaine Hammond |

Devin Derham-Burk, Chapter 13 Standing Trustee ("Trustee"), hereby moves to modify the confirmed chapter 13 plan ("Plan") of the above-captioned debtor, Viktoria Le ("Debtor"). This motion to modify Debtor's plan ("Motion") is brought in accordance with the Federal Rules of Bankruptcy Procedure 3015(g), 9013 and 9014, as well as Bankruptcy Local Rule 9014-1. In support of the Motion, the Trustee submits her own declaration and requests that the Court to take judicial notice of its own files and records in this case pursuant to Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

## Introduction

Although Debtor scheduled $11,324.00 of priority unsecured debt owed to three separate creditors, only one of the three creditors filed a proof of claim. With about $5,000.00 less than anticipated in priority debt to pay, the Trustee is already close to receiving sufficient funds to make all currently authorized distributions under Debtor's zero percent plan. Less than $1,600.00 is needed, and the Trustee expects that Debtor will pay that amount well before the end of the Plan's projected sixty-month term.

The Trustee's motion modifies the Plan to create a "pot" that will require Debtor to make her regular $250.00 monthly payments as set forth in her Plan during the remaining twenty-nine months of the projected sixty-month Plan term. The modification re-purposes Debtor's anticipated payments, which at confirmation were necessary to provide for payment of administrative expense claims as well as Debtor's scheduled priority tax debt. Instead, the Trustee will use the payments to fund a distribution to Debtor's general unsecured creditors. Plan modification is necessary because Debtor's Plan does not currently authorize the Trustee to make any distributions to general unsecured creditors.

To accomplish the above, the Trustee's modification revises paragraph 2(d) of Debtor's Plan with regard to the dividend paid to general unsecured claims to change it from a percentage plan at 0% to a pot plan of $15,040.00.[1] All other terms of Debtor's Plan would remain the same. Based on claims filed and with the Trustee's modification, it is anticipated

---

[1] With pot plans, the Trustee distributes the pot amount first to pay allowed administrative, secured and priority unsecured claims. Thereafter, she distributes any remaining portion of the pot to the holders of allowed general unsecured claims on a *pro rata* basis.

that the dividend paid to Debtor's general unsecured creditors would increase from 0% to approximately 8% of their allowed claims.

**Factual Background**

This case was filed on January 6, 2016. [Docket #1]. Debtor's most recent Chapter 13 Statement of Current Monthly and Disposable Income filed on February 24, 2016 states that Debtor's income is above median. [Docket #14]. Debtor filed an amended chapter 13 plan on February 24, 2016 ("Plan"). [Docket #12]. The Plan reflects a sixty-month estimated term and provides for Debtor to make monthly payments of $250.00 to the Trustee throughout the life of the Plan. *Id*. Debtor's most recent Schedules I and J demonstrate her ability to meet those payments. [Docket #13].

This case was ready for confirmation by mid-March 2016, about two months prior to the May 23, 2016 claims bar date for non-governmental claims. Declaration of Devin Derham-Burk ("Trustee Decl.") at ¶ 4. Before recommending confirmation, the Trustee used the information then available to her to calculate the length of Debtor's proposed Plan to determine whether it met the sixty-month applicable commitment period ("ACP") that could apply to Debtor as an above-median income debtor. *See* 11 U.S.C. §1325(b)(4)(A). Because the claims bar date had not passed, the Trustee looked first to filed proofs of claims for the amount of claims to be paid through the plan, but where no proof of claim was available, she used the scheduled amount of claims. Based on the Trustee's calculations, as of confirmation, the expected length of Debtor's Plan was about sixty months – sufficient to satisfy the ACP for above-median income debtors if a commitment period were to apply to

this case. Trustee Decl. at ¶ 4. Because no one objected to confirmation, the sixty-month ACP for above-median income debtors was not triggered and did not create a statutory minimum duration for the Plan. 11 U.S.C. §1325(b)(1)(B).

The Court entered an order confirming Debtor's Plan on March 16, 2016. [Docket #15]. Under § 2 of the confirmed Plan, the Trustee is to use the funds that Debtor pays to her over the Plan's projected sixty-month term to satisfy all allowed expenses of administration, secured claims and priority unsecured claims. [Docket #12, at ¶ 2 (a)-(c)]. Paragraph 2(d) of the Plan provides that the Trustee is to distribute nothing with respect to allowed general unsecured claims. *Id*. at ¶ 2(d).

Debtor has been current or slightly ahead with respect to her $250.00 monthly plan payments during the first thirty-one months of her Plan. Trustee Decl. at ¶ 7. The Trustee received Debtor's most recent payment of $250.00 for August 2018 on or about August 7, 2018. *Id*. at ¶ 8. To date, Debtor has paid a total of $7,790.00 into her Plan. *Id*.

Debtor's Plan is not yet complete. Debtor has not yet remitted sufficient funds to the Trustee to pay all allowed claims as provided by the terms of the Plan. *Id*. at ¶ 9. Additionally, August 2018 is only the thirty-first month of the projected sixty-month term of Debtor's Plan. *Id*. at ¶ 10. Even though the projected term has not yet been reached, the Trustee currently needs less than $1,600.00 to finish paying to pay all allowed administrative, secured and priority unsecured claims pursuant to the terms of Debtor's originally confirmed Plan. *Id*. at ¶ 9. It is anticipated that Debtor will pay that amount within the next seven months – well-before the end of the Plan's projected sixty-month term. *Id*.

The instant modification recalibrates the Plan to meet its originally projected sixty-month term by establishing a plan with a "pot" amount of $15,040.00. *Id*. at ¶ 10. The pot amount is derived from the total amount that Debtor has paid into the Plan thus far ($7,790.00) plus the total additional amount that she could pay into the Plan if she makes the $250.00 monthly payments stated in her Plan over the remainder of the Plan's originally projected term, starting with September 2018 ($250.00 x 29 months = $7,250.00). *Id*.

Debtor's steady history of making $250.00 monthly payments over the first thirty-one months of her Plan is strong evidence of Debtor's ability to make $250.00 monthly payment for the last twenty-nine months of her Plan. *Id*. at ¶ 7. Additionally, Debtor's most recent Schedules I and J, which were signed under penalty of perjury, confirm that Debtor has $250.00 available each month as net monthly income after paying her budgeted expenses – enough to cover continued monthly Plan payments to the Trustee. [Docket #13]. To date, no evidence suggests that Debtor cannot afford to continue making $250.00 monthly Plan payments. Trustee Decl. at ¶ 11.

The Trustee's modification will benefit creditors because the Trustee will be authorized to distribute all additional funds collected pursuant to the Plan as modified. General unsecured claims totaling $62,369.80 have been filed in this case. *Id*. at ¶ 12. With the modification, the Trustee anticipates that the holders of those claims would receive a dividend of approximately 8% of their allowed claims. *Id*.

## **LEGAL ARGUMENT**

The Bankruptcy Code gives chapter 13 trustees (as well as debtors and unsecured creditors) the right to request modification of a confirmed plan subject only to the

requirements of 11 U.S.C. § 1329 and the sound discretion of the bankruptcy judge. *In re Powers*, 202 B.R. 618, 622 (B.A.P. 9th Cir. 1996). Under § 1329, post-confirmation plan modifications must be requested before completion of a debtor's payments under the confirmed plan. 11 U.S.C. § 1329(a). Here, the Trustee's Motion is timely because Debtor has not yet remitted sufficient funds to pay all claims as provided by the terms of her confirmed Plan. *See Profit v. Savage (In re Profit)*, 283 B.R. 567, 573 (B.A.P. 9th Cir. 2002)(completion of payments under § 1329(a) generally refers to the payments that a debtor must make to perform the terms of the plan); *In re Jacobs*, 263 B.R. 39, 44 (Bankr. N.D.N.Y. 2001)(completion of payments occurs "when a debtor completes his obligations as provided for in the terms of a confirmed plan"). Additionally, this Court has previously reasoned that, regardless whether a statutory ACP is triggered, "§§1328(a) and 1329(b) confer an implied temporal requirement that a plan remain in effect for its designated duration unless formally modified. *In re Escarcega, et al.*, 557 B.R. 755, 773 and 774-75 (Bankr. N. D. Cal. 2016), *aff'd*, 573 B.R. 219, 225 (B.A.P. 9th Cir. 2017). In *Escarcega*, this Court indicated that this implied temporal requirement exists even when the term of a plan is stated as an estimated term, as it is in this case. *Id*. at 774. In light of the Court's reasoning in *Escarcega*, the Trustee's Motion is also timely because Debtor is only in month thirty-one of her Plan's originally projected sixty-month term. Trustee Decl. at ¶ 10.

Section 1329 also limits permissible modifications to those that will: 1) increase or reduce the amount of payments on claims of a particular class; 2) extend or reduce the time for such payments; 3) alter the amount of distributions to a creditor to account for payments on the claim outside of the plan; or, 4) reduce amounts to be paid under the plan by actual

Case: 16-50042    Doc# 24    Filed: 08/21/18    Entered: 08/21/18 12:05:02    Page 6 of 9

amounts expended by the debtor for the purchase of health insurance, if certain additional criteria are satisfied. 11 U.S.C. § 1329(a)(1)-(4). The Trustee's modification falls within these parameters. The proposed pot plan will increase the amount of payments to Debtor's general unsecured creditors. *Id*. at § 1329(a)(1).

Modified plans must further satisfy §§ 1322(a) and (b), 1323(c) and 1325(a) of the Bankruptcy Code. 11 U.S.C. § 1329(b)(1). The only requirements of that section that are affected by the proposed modification are §§ 1325(a)(3) and (6) - whether the modification has been proposed in good faith, and whether Debtor will be able to comply with the modified plan. The Trustee's modification meets both of those requirements.

With respect to § 1325(a)(6), Debtor's steady history of paying the Trustee $250.00 each month over approximately three years demonstrates Debtor's ability to comply with continued $250.00 monthly payments under modified plan. Trustee Decl. at ¶ 7. Additionally, the only other evidence of record confirms Debtor's ability to continue paying the Trustee $250.00 each month. Debtor's most recent Schedules I and J, signed under oath, reflect that she has $250.00 available each month - net of expenses – to meet those payments. [Docket #13].

As to § 1325(a)(3), the Trustee's good faith in requesting the modified plan is grounded in the role that the Trustee plays in making distributions to creditors. *See also In re Morris*, 2012 WL 2341537, at *6 (Bankr. S.D. Cal. Jun. 7, 2012) (one of the trustee's functions is to maximize payments to unsecured creditors; performing that function cannot constitute bad faith), *citing*, *United States v. Aldrich (In re Rigden)*, 795 F.2d 727, 730 (9th Cir. 1986).

Turning to § 1329(c), the Trustee's modification does not require payments over a period that would extend beyond the sixty-month ACP that could apply to this above-median income debtor. The Trustee is only requesting that Debtor, as an above-median income debtor, continue the $250.00 monthly payments that are stated in her Plan for the remainder of her Plan's originally projected sixty-month term. As discussed above, at confirmation, all interested parties reasonably anticipated that Debtor would be making her regular plan payments for sixty months. The Trustee is simply asking that Debtor be required to conform to that expectation and that the Trustee be allowed to shift the use of the funds collected to the repayment of Debtor's general unsecured creditors.

As the Ninth Circuit has recognized, the availability under § 1329(a) of post-confirmation plan modifications throughout the life of a plan creates a mechanism for wage earners to repay debt over time in accordance with their actual ability to pay. *Danielson v. Flores (In re Flores)*, 735 F. 3d 855, 861 (9th Cir. 2013)(*en banc*). The Trustee is requesting nothing more. The proposed modification will ensure that the Trustee pays creditors in accordance with Debtor's demonstrated ability to pay. Debtor will simply make $250.00 Plan payments for twenty-nine additional months for a total plan term of sixty months. All statutory requirements are satisfied, and Debtor has the ability to comply with the modified Plan terms.

## **Conclusion**

Based on the foregoing, the Trustee asks the Court to grant this Motion and approve the requested modification to change the dividend payable to general unsecured creditors from a zero percent plan to a pot plan of $15,040.00 and to require Debtor to continue

monthly plan payments to the Trustee in the amount of $250.00 effective September 2018 to fund the pot amount. All other terms of the originally confirmed Plan should remain the same.

August 21, 2018                                          Respectfully submitted,


                                                         /s/ *Jane Z. Bohrer*
                                                         Attorney for Chapter 13 Trustee